UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-20520

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

       Plaintiff,

v.

BEYCOME BROKERAGE REALTY LLC
FKA BAR INVEST REALTY LLC AND
HERVE FABRICE BARBERA,

       Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., by and through undersigned counsel, brings this Complaint against Defendants, BEYCOME BROKERAGE REALTY LLC FKA BAR INVEST REALTY LLC AND HERVE FABRICE BARBERA, for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.      Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP" and/or "Plaintiff"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship in its photographs.  AAP licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2.      AAP provides high-end real estate photography services to real estate brokers and agents in South Florida.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA  33433

3. Robert Stevens is AAP's principal photographer and its founder. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past eight years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. Defendant Beycome Brokerage Realty LLC fka BAR Invest Realty LLC ("Beycome") is a licensed real estate corporation and broker.

5. Defendant Herve Barbera ("Barbera") is a real estate associate licensed in the state of Florida who is an employee under the brokerage of Beycome.

6. Beycome and Barbera are collectively referred to herein as "Defendants."

7. AAP alleges that Defendants obtained AAP's copyrighted works from prior listings for other properties on multiple listing services of which Defendants are members in order to carry out their activities as a professional real estate agent and broker. Defendants copied AAP's copyrighted photographs from the internet or prior real estate listings without AAP's permission. The prior real estate listings that Defendants obtained to copy AAP's copyrighted photograph is available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photo was posted. The photo is also available publicly on the internet.

8. Defendants distributed AAP's copyrighted Work, also without AAP's permission, such as through real estate listings on multiple listing services. Defendants committed the

violations alleged by copying and distributing AAP's copyrighted works in connection with Defendants' real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses.

9. Defendant Beycome, the broker for Barbera, appears as listing broker on the real estate listing where Barbera committed the violations of AAP's exclusive rights under the copyright act.

10. Defendant Beycome is liable for the infringement by Barbera because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

11. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like Beycome and Barbera, include an independent contractor relationship when such relationship is intended by and established between a broker (Beycome) and a sales associate (Barbera). Furthermore, the existence of an independent contractor relationship shall not relieve the broker (Beycome) of its duties, obligations, or responsibilities, which include being responsible for the offences of Barbera. Fla. Stat., § 475.01(2).

12. As a result, even if Beycome designates its agents as "independent contractors," Barbera is an "employee" under the Florida Real Estate Code and the common law of principal/agent in Florida, Beycome is vicariously liable for its agents' acts committed in connection with and in furtherance of Beycome's real estate brokerage business.

## JURISDICTION AND VENUE

13.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15.     Defendants are subject to personal jurisdiction in Florida.

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

17.     Beycome is a Florida limited liability company and Licensed Brokerage, License Number CQ 1057039, with its principal place of business at 701 Brickell Ave, Suite 2040, Miami, FL 33131, and can be served by serving its Registered Agent, Herve Barbera, 701 Brickell Ave, Suite 2040, Miami, FL 33131.

18.     Barbera is a licensed Real Estate Sales Associate, License Number BK3427444, who resides in Miami-Dade County, Florida, and can be served at 701 Brickell Avenue, Suite 2040, Miami, FL 33131.

## THE COPYRIGHTED WORK AT ISSUE

19.     In 2011, AAP created a photograph entitled "Jup_190_copy, Apr. 20, 2011," which is shown below and referred to herein as the "Work".



20. At the time AAP created the Work, AAP applied copyright management information to the Work consisting of the "©" copyright symbol and Robert Stevens in the lower left corner ("© Robert Stevens"), as shown above.

21. AAP registered the Work with the Register of Copyrights on July 30, 2013 and was assigned the registration number VA 1-953-574.  The Certificate of Registration is attached hereto as Exhibit 1.

22. AAP's Work is protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

23. At all relevant times AAP was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

24. Defendants have never been licensed to use the Work for any purpose.

25. On a date after the Work was created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Work or made derivative works from the Work.

26. Defendants copied AAP's copyrighted Work from the internet or prior listings for other properties on multiple listing services of which Defendants are members, obtained the Work from the internet, or obtained it from other real estate associates.

27. After Defendants copied the Work, they made further copies and distributed the Work on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Work or similar properties as part of his professional real estate businesses.

28. Defendants copied and distributed AAP's copyrighted Work in connection with their real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate business, and in the course and scope of rendering professional real estate services as associates and brokers.

29. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

30. In connection with their infringement of the Work , Defendants removed copyright management information from the Work as evidenced by the documents attached hereto as Exhibit 2.

31. Neither AAP nor Stevens gave Defendants permission or authority to copy, distribute or display the Work at issue in this case, or create derivative works of the Work.

32. AAP notified Defendants of the allegations set forth herein on April 25, 2019. A follow up letter was sent on June 14, 2019. To date, Defendants has failed to respond to Plaintiff's Notice. A copy of the Notice to Defendants is attached hereto as Exhibit 3.

33. Neither AAP nor Stevens ever gave Defendants permission or authority to remove copyright management information from the Work.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

34. Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. AAP owns a valid copyright in the Work at issue in this case.

36. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501.

38. Defendants performed the acts alleged in the course and scope of their business activities.

39. Defendants' acts were willful.

40. AAP has been damaged.

41. The harm caused to AAP has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT AGAINST BEYCOME

42. Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

43. AAP owns a valid copyright in the Work at issue in this case.

44. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

45. Barbera copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501 in the course of his employment for Beycome. Beycome profited from the infringement by Beycome.

46. Beycome had the right and ability to control the infringement by Barbera.

47. Defendant Beycome is vicariously liable for the infringement of Barbera.

48. AAP has been damaged.

49. The harm caused to AAP is irreparable.

50. MGR has continued to copy, display, and distribute the Works at issue with knowledge that such acts violate AAP's intellectual property rights.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ALL DEFENDANTS

51. Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

52. The Work at issue in this case contains copyright management information ("CMI").

53. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work in violation of 17 U.S.C. § 1202(b).

54. Defendants committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of AAP's rights in the Work protected under the Copyright Act.

55. AAP has been damaged.

56. The harm caused to AAP has been irreparable.

WHEREFORE, Plaintiff prays for judgment against Defendants, Beycome Brokerage Realty LLC fka BAR Invest Realty LLC and Herve Fabrice Barbera as follows:

a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiffs be awarded pre and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 5, 2020                    Respectfully submitted,

/s/Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
JASON S. WEISS
Florida Bar Number: 356890
jason.weiss@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number: 125322
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*