UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

vs.                                           Case No.: 1:20-cv-20520-RNS

BEYCOME BROKERAGE REALTY, LLC
FKA BAR INVEST REALTY LLC, AND
HERVE FABRICE BARBERA,

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Beycome Brokerage Realty, LLC and Herve Fabrice Barbera, by and through undersigned counsel, hereby answer and affirmatively defend against the complaint in this action, and state as follows:

**Answer**

1.      Admitted that Plaintiff brings the action under the Copyright Act but denied that it has entitlement.

2.      Without knowledge and therefore denied.

3.      Without knowledge and therefore denied.

4.      Admitted that Beycome is a licensed real estate corporation but denied that it is a "broker."

5.      Denied that Barbera is a real estate "associate." Defendants clarify that Barbera is a licensed real estate broker. Admitted that Barbera is the broker of record for Beycome.

6.      Admitted.

7. Denied that Defendants obtained the subject works from prior listings. Without knowledge as to the remainder.

8. Without knowledge and therefore denied.

9. Denied that Beycome is the "broker for Barbera." Without knowledge as to the remainder.

10. Without knowledge and therefore denied.

11. Admitted.

12. Defendants do not dispute that Barbera is the broker of record for Beycome and that the laws of vicarious liability apply.

13. Admitted for purposes of jurisdiction only.

14. Admitted for purposes of jurisdiction only.

15. Admitted for purposes of jurisdiction only.

16. Admitted for purposes of venue only.

17. Admitted that Beycome is a licensed real estate corporation and that its offices are at 701 Brickell Avenue.

18. Denied that Barbera is a Real Estate Associate, but admitted that Barbera is a real estate broker.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Denied.

27. Denied that Defendants copied the Work.  Without knowledge as to the remainder.

28. Denied that Defendants copied the Work.  Without knowledge as to the remainder.

29. Denied.

30. Denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Defendants incorporate their answers to paragraphs 1 through 33.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Denied that Defendants copied the Work.  Without knowledge as to the remainder.

38. Denied.

39. Denied.

40. Without knowledge and therefore denied.

41. Denied.

42. Defendants incorporate their answers to paragraphs 1 through 33.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Denied.

46. Denied.

47. Denied.

48. Without knowledge and therefore denied.

49. Denied.

50. Without knowledge and therefore denied.

51. Defendants incorporate their answers to paragraphs 1 through 33.

52. Without knowledge and therefore denied.

53. Denied.

54. Denied.

55. Without knowledge and therefore denied.

56. Denied.

## Affirmative Defenses

1. Plaintiff's claims are barred in that it fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of laches.

3. Plaintiff lacks standing to bring the claims.

4. Plaintiff has failed to satisfy a condition precedent to the maintain of this action; namely, a valid copyright registration.

5. Plaintiff has failed to adequately allege copyright ownership of the Work at issue.

6. If Plaintiff proves Defendants violated any of Plaintiff's exclusive rights to the Work, then such violations were fair use in accordance with 17 U.S.C. 107.

7. If Plaintiff proves Defendants violated any of Plaintiff's exclusive rights to the Work, then such violations were innocent by Defendants entitling Plaintiff to only nominal statutory damages.

8. Defendants' use of the Work was granted pursuant to either a license or implied license.

9. Plaintiff's claims are barred, in whole or in part, because the alleged infringement was de minimis.

Respectfully submitted,

/s/ Juan C. Martinez
Juan C. Martinez
Fla. Bar No.: 009024
Primary email: Juan.martinez@gray-robinson.com
Secondary email: ecianella@gray-robinson.com
GRAYROBINSON, P.A.
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
T: 305-416-6880
F: 305-416-6887

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following: Joel B. Rothman, Esq., Counsel for Plaintiff.

/s/ Juan C. Martinez
Juan C. Martinez