## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20520-Civ-SCOLA/TORRES

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

BEYCOME BROKERAGE REALTY LLC
FKA BAR INVEST REALTY LLC AND
HERVE FABRICE BARBERA,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Affordable Aerial Photography, Inc.'s ("Plaintiff") motion to strike Beycome Brokerage Realty LLC's (f/k/a Bar Invest Realty LLC) and Herve Fabrice Barbera's (collectively, "Defendants") affirmative defenses. [D.E. 17]. Defendants responded to Plaintiff's motion on April 28, 2020 [D.E. 20] to which Plaintiff replied on May 5, 2020. [D.E. 21, 22]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, Plaintiff's motion to strike is **GRANTED**.

1

## I.    APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter."  *Royal Palm Sav. Ass'n v. Pine Trace Corp.,* 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Ry. Co. v. Peters,* 73 So. 151 (Fla. 1916)).  Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints.  *See Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007).  Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense.  *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense.  *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts."  *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") (internal

quotations omitted) (quoting another source).  But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Fla. Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010).

Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.,* 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002)).  "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz,* 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law.  *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.,* 211 F.R.D. at 684.

3

## II.   ANALYSIS

Plaintiff's motion seeks to strike all nine of Defendants' affirmative defenses because they are mostly conclusory without any supporting facts and fail to satisfy Rule 8(c).  Plaintiff also claims that some of the defenses are improper as a matter of law and are not actual affirmative defenses because they merely point out a defect or a lack of evidence in the allegations presented.  Defendants contend, on the other hand, that Plaintiff's motion lacks merit because Defendants gave Plaintiff fair notice of the defenses and the grounds upon which they rest.  Defendants suggest that their defenses need not comply with *Twombly's* plausibility requirements and that if the Court finds them not to be affirmative defenses, we should treat them as denials.  Defendants also withdraw their second defense and agree to striking the same.

Before we consider the merits of the motion to strike, Defendants argue that *Twombly* does not apply to affirmative defenses.  We acknowledge that there currently exists a split in authority as to whether affirmative defenses should be subject to the plausibility standard set forth and expounded upon by the Supreme Court in *Twombly* and *Iqbal*.  "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013).  In fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard*

4

*Co., LLC*, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses,* 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [*Twombly* and *Iqbal*] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); Justin Rand, *Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint*, 9 Fed. Cts. L. Rev. 79 (2016)).

On one hand, many courts have held that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).   *See also Home Mgmt. Solutions., Inc.*, 2007 WL 2412834, at *2 ("Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (citing *Merrill Lynch Bus. Fin. Serv.,* 2005 WL 975773, at *11) (citing *Microsoft Corp.,* 211 F.R.D. at 684); *see also Torres v. TPUSA, Inc.,* 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.,* 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions.  Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery."); *see also Home Mgmt. Solutions, Inc.* 2007

5

WL 2412834, at *3 ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly,* 550 U.S. at 556 n.3).

On the other hand, some courts have held that the heightened pleading standard described in *Twombly* and *Iqbal* only applies to the allegations in complaints – not affirmative defenses. *See Gonzalez v. Midland Credit Mgmt., Inc.,* 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Blanc v. Safetouch, Inc.,* 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008).  The basis for these decisions stem from the differences between Rule 8(a) – which apply to the pleading of claims – and Rules 8(b) and (c) which apply to affirmative defenses.

In debating whether *Twombly* and *Iqbal* apply to affirmative defenses, many parties rely on the language in Rules 8(a) and 8(b).  Rule 8(a) requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief," whereas Rule 8(b) requires that a party "*state* in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b) (emphasis added).  Some parties have speculated that Rule 8(a) requires a party to "show" an entitlement to relief whereas Rule 8(b) merely requires a party to "state" an affirmative defense.  *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162 (M.D. Fla. May 6, 2014)

("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *see also Laferte*, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant."); *Owen,* 2016 WL 1465348, at *2 ("Applying different pleading standards recognizes the differences between these words; 'showing' requires some factual underpinnings to plead a plausible claim, while 'stating' contemplates that defendants can plead their defenses in a more cursory fashion."); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted).

The Court is persuaded – by three considerations – that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*.  First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints.  The purpose of pleading sufficient facts is to give fair

notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case. This was the foundation for the decisions in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.

Second "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant [or counter-defendant] under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at *3 (citation and internal quotation marks omitted).

When coupling the three considerations discussed above with the fact that a majority of courts have agreed with this position, we hold that there is no separate standard for complaints and affirmative defenses in connection with Rule 8. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.") (citing *CTF Dev., *1172 Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617,

at *7-8 (N.D. Cal. Oct. 26, 2009)); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses).[1]

Having established that *Twombly* applies to affirmative defenses, Plaintiff's motion is well taken because each of Defendants' affirmative defenses is vague, conclusory, or otherwise fails to describe how they apply to the facts of this case. The lack of factual support is clear as each defense is no more than one sentence long, except one that is two sentences. Another deficiency is that some of these defenses are not pleaded as affirmative defenses. By definition, "an affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a prima facie case." *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014). "For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an affirmative defense." *Id.* (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")). While the Court will not articulate how each affirmative defense is defective – to avoid being repetitive – a couple examples are instructive.

---

[1]      We acknowledge that Defendants cite to two cases in our district that hold the opposite, but this does not persuade us to join the minority view on this issue.

For instance, the fourth and fifth affirmative defenses respectively state that: "Plaintiff has failed to satisfy a condition precedent to the (sic) maintain of (sic) this action; namely, a valid copyright registration," and "Plaintiff has failed to adequately allege copyright ownership of the Work at issue." [D.E. 12 at 4]. These defenses fall short because they are just denials that attack Plaintiff's prima facie case. *Catch Curve, Inc. v. Integrated Glob. Concepts, Inc.*, 2012 WL 12541116, at *11 (N.D. Ga. July 26, 2012) (striking affirmative defenses that were denials of a plaintiff's prima facie claim).

The ninth affirmative defense is no better. It states that "Plaintiff's claims are barred, in whole or in part, because the alleged infringement was de minimis." [D.E. 12 at 5]. Putting aside the fact that this defense is equally conclusory and fails to meet the requirements under *Twombly*, it also fails because it does not constitute an actual affirmative defense. Instead, the ninth affirmative defense is merely a statement of law that Defendants' infringement must be more than de minimis. *See, e.g.*, *Public Risk Mgmt. of Fla. v. Munich Reinsurance Am., Inc.*, 2018 WL 8344647, at *4 (M.D. Fla. Nov. 2, 2018) (striking affirmative defenses because they "appear to be legal conclusions or statements of law as opposed to affirmative defenses").

As for the other affirmative defenses, they must also be stricken because they are vague and conclusory. The Court could, of course, go one-by-one through each affirmative defense and give detailed reasons as to how they are inadequate. But, there is no reason to do so when all of them are either vague, conclusory, constitute mere denials, or otherwise fail to give sufficient factual support to meet the pleading

requirements under *Twombly*. We therefore need go no further in the disposition of Plaintiff's motion to strike because each affirmative defense needs to be revisited so that it complies with the reasons already stated. Accordingly, Plaintiff's motion to strike is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion to strike [D.E. 17] is **GRANTED**. Any amended answer shall be filed within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of June, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

11