United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Affordable Aerial Photography, Inc., Plaintiff, <br><br> v. <br><br> Beycome Brokerage Realty LLC and Herve Fabrice Barbera, Defendants. <br><br> Beycome Brokerage Realty LLC and Herve Fabrice Barbera, Third-Party Plaintiffs, <br><br> v. <br><br> Kenneth P. Cook, Third-Party Defendant. | Civil Action No. 20-20520-Civ-Scola |

**Order Granting Motion to Dismiss**

This matter is before the Court on Third-Party Defendant Kenneth P. Cook's ("Cook") motion to dismiss the Third-Party Plaintiffs' complaint. (Mot., ECF No. 35; Compl., ECF No. 13.) Having considered the record, the briefing, and the relevant legal authorities, the Court **grants** the motion (**ECF No. 35**).

**1. Background**

This action commenced on February 5, 2020, when Plaintiff Affordable Aerial Photography, Inc., sued the Third-Party Plaintiffs and an additional entity for violations of the federal Copyright Act. The copyright claims were the basis of the Court's federal question jurisdiction under 28 U.S.C. § 1331. During the pendency of the original plaintiff's claims, the Third-Party Plaintiffs filed a third-party complaint against Cook, alleging a state law claim arising from a contract of indemnity. (ECF No. 13.) As there is no diversity between Cook and the Third-Party Plaintiffs, nor any federal question between them, the third-party complaint invoked the Court's supplemental jurisdiction under 28 U.S.C. §1367. (*Id.* at ¶¶ 2-8.)

While the third-party complaint was pending against Cook, the original complaint in this action was dismissed as the result of a settlement, which eliminated the federal copyright claims from the case and leaving only the

Third-Party Plaintiffs' state common-law claims against Cook. (ECF No. 32.) Accordingly, Cook has filed his motion to dismiss, arguing that the Court should decline to exercise supplemental jurisdiction over this action between nondiverse parties over state law claims.

## 2. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a case when it is determined that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2002). Although federal courts are of limited subject matter jurisdiction, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

"While [Section] 1367(c) permits a court to dismiss any state law claims where the court has dismissed all the claims over which it had original jurisdiction, the court also can consider other factors." *Tennant v. Florida*, 111 F. Supp. 2d 1326, 1337 (S.D. Fla. 2000) (Gold, J.). Indeed, in cases where only state law claims remain and Section 1367(c) applies, "considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Id.*

## 3. Analysis

The Court agrees with the Third-Party Plaintiffs that "the fact that the only remaining claims arise under state law does not mandate dismissal." (ECF No. 36 at 3.) Instead, the decision of whether to exercise supplemental jurisdiction is a matter of discretion. *See Business Realty Inv. Co., Inc. v. Insituform Tech., Inc.*, 564 Fed. App'x 954 (11th Cir. 2014). The Court now turns to the "considerations of judicial economy, convenience, fairness, and comity" in determining whether to exercise supplemental jurisdiction. *Tennant*, 111 F. Supp. 2d at 1337.

The Third-Party Plaintiffs' strongest argument is that fairness would be served by retaining jurisdiction because, they claim, Cook avoided service in this case for over two months and it would be unfair to put them through that costly service chase yet again. However, the Court is not persuaded by this argument. Even assuming that Cook avoided service, which he thoroughly

addressed and denied in a sworn affidavit (ECF No. 37-1), it appears that service will be simple going forward. Specifically, Cook has stated under oath that he will "authorize [his] counsel of record to accept service on [his] behalf for the convenience and judicial economy of all parties." (*Id.* at ¶13.) *Cf. Ingram v. Ingram*, No. 11-61710-CIV, 2012 WL 11867302, at *2 (S.D. Fla. Aug. 2, 2012) ("Plaintiff's evasion-of-service theory, however, is refuted by a sworn declaration from Defendant.") (Cohn, J.). Given Cook's authorization and counsel's representation of its willingness to accept service, the Court anticipates no future issues with service.

The remaining factors also weigh in favor of dismissal. Neither judicial economy nor convenience would be materially served by exercising jurisdiction over this action. Importantly, dismissal would not result in a significant waste of resources. This case is in its infancy and no discovery has taken place. (ECF No. 37 at 6.) Finally, comity strongly supports dismissal of this case in favor of state court. First, this case does not appear to involve any meaningful federal issues. Second, the remaining parties are nondiverse and the remaining issues relate solely to contractual issues of state law. These remaining state law claims "are best evaluated by a Florida state court." *Lee v. Miami-Dade Cty.*, No. CV 18-21852-CIV, 2018 WL 6436028, at *7 (S.D. Fla. Dec. 7, 2018) (Scola, J.) (declining to exercise pendent jurisdiction over state law claims).

### 4. Conclusion

For the reasons set forth above, the Court **grants** Cook's motion to dismiss (**ECF No. 35**). The third-party complaint is dismissed **without prejudice**. *See Ingram v. Sch. Bd. of Miami-Dade Cty.*, 167 F. App'x 107, 109 (11th Cir. 2006) ("When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court."). Additionally, as the Third-Party Plaintiffs have not requested leave to amend, their complaint is dismissed **without leave to amend**. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on August 27, 2020.

_____
Robert N. Scola, Jr.
United States District Judge